**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RACHELLE YORCH,

     Plaintiff,

                                                       Case No. 08-13791

v.                                                           Hon. Lawrence P. Zatkoff

ENCOMPASS INSURANCE CO.,

     Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2009

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Defendant's motion for partial summary judgment, which Plaintiff has not responded to and the time period to do so has lapsed [dkt 24].  The Court finds that the facts and legal arguments are adequately presented in Defendant's papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted.  For the reasons set forth below, Defendant's Motion is GRANTED.

### II. BACKGROUND

This lawsuit arises out of Plaintiff's claim for first party insurance benefits stemming from an automobile accident that occurred on November 19, 1997.  Plaintiff's claim for no-fault benefits includes payment of medical expenses for dental injuries sustained in the accident and attendant care

incurred between August 13, 2007 and the present. Defendant argues that judgment should be rendered in its favor because Plaintiff has not incurred expenses for dental injuries or provided reasonable proof as to her attendant care expenses as required under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq*.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the [movant]'s position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

**A) DENTAL CARE**

Defendant avers that Plaintiff's claim for dental injuries fails as a matter of law because Plaintiff has not incurred any expenses for dental care. A no-fault insurance claimant may be

2

entitled to "[a]llowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws § 500.3107(a) (emphasis added); *Nasser v. Auto. Club Ins. Ass'n*, 435 Mich. 33, 50 (1990). Even though an expense may be both necessary and allowable, a no-fault insurer is not obliged to pay an expense until it is actually incurred. *Proudfoot v. State Farm Mutual Ins. Co.*, 469 Mich. 476, 484 (2003) (citing *Manley v. Detroit Auto. Int'l Ins. Exch.*, 425 Mich. 140, 157 (1986)). Since the word "incurred" is not defined in the No-Fault Act, courts "accord the word its plain and ordinary meaning within the context of the statute." *Shanafelt v. Allstate Ins. Co.*, 217 Mich. App. 625, 638-39 (1996) (noting that "the primary definition of the word 'incur' is to become liable for," and holding that an insured "became liable for her medical expenses when she accepted medical treatment"); *see also Proudfoot*, 469 Mich. at 484 (denying benefits for expenses for future modifications of the insured's home to accommodate wheelchair access where the insured had not yet taken action to become liable for the cost of the proposed modifications).

Plaintiff testified that she sustained injuries to her mouth during the automobile accident, specifically that her teeth struck the steering wheel. Plaintiff represents that she requires dental care for these injuries. However, Plaintiff testified in her deposition that she has neither received any related dental care nor attempted to have any related dental work done. As such, the Court finds that Plaintiff has not incurred expenses for dental care for injuries arising out of the November 19, 1997, automobile accident. While Plaintiff's dental care may be an allowable and reasonably necessary expense, she has not yet taken actions to become liable for such expense. Drawing all inferences in favor of Plaintiff, there is an absence of evidence to support Plaintiff's claim for dental care expenses, thus entitling Defendant to judgment as a matter of law as to this claim. However, the

3

Court's decision is limited to Plaintiff's claim for dental expenses from August 13, 2007, to the present and does not affect Plaintiff's ability to receive benefits for future dental expenses.

**B) ATTENDANT CARE**

Defendant contends that Plaintiff's claim for attendant care fails as a matter of law because Plaintiff has not provided Defendant with reasonable proof regarding the amount of expenses Plaintiff has incurred for attendant care. Under Michigan law, the party asserting a claim bears the burden of proving its damages with reasonable certainty. *Berrios v. Miles, Inc.*, 226 Mich. App. 470, 478 (1997). *See also Neumann v. State Farm Mut. Auto. Ins. Co.*, 180 Mich. App. 479 (1989) (denying a no-fault claim for travel expenses incurred in obtaining medical treatment where the insured failed to submit proof of expenses over and above normal wear and tear of the insured's vehicle).

Plaintiff alleges that she requires assistance and services related to her claim for attendant care, including assistance with meal preparation and dressing herself. However, when asked during her deposition how often and to what degree Plaintiff requires such assistance, Plaintiff repeatedly responded by saying, "I don't know" and "I don't remember." Plaintiff's inability to submit a claim for a specific amount of benefits, or otherwise provide proof of attendant care expenses, for meal preparation and dressing assistance renders her unable to prove her damages with reasonable certainty. The Court therefore finds that Plaintiff has not set forth facts sufficient to support her claim for these expenses, entitling Defendant to judgment as a matter of law. Once more, the Court's decision is limited to Plaintiff's claim for attendant care expenses from August 13, 2007, to the present and does not affect Plaintiff's ability to receive benefits for future attendant care expenses.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290