**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RACHELLE YORCH,

    Plaintiff,

v.

Case No. 08-13791
Hon. Lawrence P. Zatkoff

ENCOMPASS INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

    This matter is before the Court on the parties' proposed jury instructions [dkt 36]. The parties have agreed to use five instructions modeled after the Michigan Model Civil Jury Instructions ("MI Civ JI"), but Defendant requests that a special instruction related to "preexisting injuries" be read to the jury. Plaintiff opposes its inclusion. The parties have fully briefed the issue of whether Defendant's requested instruction should be read to the jury. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that this issue shall be resolved on the briefs submitted. For the following reasons, Defendant's request is DENIED.

    "The district court has broad discretion in determining appropriate jury instructions, and the defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instructions." *United States v. Townsend*, 796 F.2d 158, 163 (6th Cir. 1986) (citing *United States v. Shigemura*, 682 F.2d 699, 704 (8th Cir. 1982)).

    This action arose out of Plaintiff's claim for first party no-fault insurance benefits stemming

from an automobile accident that occurred on November 19, 1997, in which Plaintiff was injured. According to Defendant, an important issue at trial will be whether a preexisting condition contributed to or caused Plaintiff's injuries, and the jury should be given a special instruction related to preexisting injuries.

Defendant requests that a modified version of MI Civ JI 50.11 be read to the jury. MI Civ JI 50.11 provides the following:

> If an injury suffered by plaintiff is a combined product of both a preexisting [disease / injury / state of health] and the effects of defendant's negligent conduct, it is your duty to determine and award damages caused by defendant's conduct alone. You must separate the damages caused by defendant's conduct from the condition which was preexisting if it is possible to do so.
>
> However, if after careful consideration, you are unable to separate the damages caused by defendant's conduct from those which were preexisting, *then the entire amount of plaintiff's damages must be assessed against the defendant*.

(emphasis added). While this instruction is intended to be used in negligence actions, Defendant requests that it be read to the jury in a modified form:

> If an injury suffered by Plaintiff is a combined prior to [sic] both a preexisting state of health in the effects of the motor vehicle accident, it is your duty to determine and award damages caused by the motor vehicle accident alone. You must separate the damages caused by the motor vehicle accident from the condition which was preexisting if it is possible to do so.
>
> However, if after consideration, you are unable to separate the damages caused by the motor vehicle accident, from those which are preexisting, *you are to award damages only for those injuries that Plaintiff has proved are attributed to the motor vehicle accident*.

First, Defendant argues that its requested instruction comports with Michigan law because an accidental bodily injury must arise from a specific accident, as opposed to a series of events that

2

occur over time. *See Wheeler v. Tucker Freight Lines Co.*, 125 Mich. App. 123, 127–28; 336 N.W.2d 14 (1983) (holding that the term "accidental bodily injury" required a discrete, injury-causing event, as opposed to "a series of events spanning many years of driving . . . not attributable to a single accident"). *See also Williams v. DAIIE*, 169 Mich. App. 301, 304; 425 N.W.2d 534 (1988); *Molliter v. Associated Truck Lines*, 140 Mich. App. 431, 438–39; 364 N.W.2d 344 (1985). The Court, however, cannot find the relevance of this argument to Defendant's requested jury instruction. The instruction makes no mention of the distinction between injuries caused by discrete events or a series of events, and there appears to be no dispute that Plaintiff claims to have incurred damages as a result of a discrete, injury-causing event, *i.e.*, the 1997 motor vehicle accident.

Second, Defendant argues that its requested instruction comports with Michigan law because courts have found reversible error where juries in no-fault actions are instructed to award the entire amount of a plaintiff's damages against the defendant if they are unable to separate damages arising from the automobile accident and those which were preexisting. *See Nowyorkas v. Farm Bureau Mut. Ins.*, No. 168726, 1996 Mich. App. LEXIS 2379, at *3–4 (Mich. Ct. App. May 24, 1996) (holding that the trial court committed reversible error by charging the jury under MI Civ JI 50.11 that if the jurors were "unable to separate damages for injuries sustained by the automobile accident from those which were preexisting, 'then the entire amount of plaintiffs damages must be assessed against the defendant'"). However, neither party has requested that MI Civ JI 50.11 be read to the jury in its original form, and the fact that charging the jury with MI Civ JI 50.11 would be improper under the circumstances does not render Defendant's requested instruction proper.

The Court finds that Defendant has failed to demonstrate that its requested instruction should

be read to the jury in this case. Defendant has not provided the Court with a single no-fault insurance case in which its requested instruction has been read to a jury. Defendant's own authority even suggests that the instruction should not be read to the jury in this case because it is designed for use in negligence actions. *See Chalko v. State Farm Mut. Auto. Ins. Co.*, No. 278215, 2009 Mich. App. LEXIS 1498, at *5–6 (Mich. Ct. App. July 9, 2009) (stating that MI Civ. JI 50.11 "is a negligence instruction that simply does not apply in first party, no-fault insurance litigation").

Moreover, the Court finds that Defendant's requested instruction is likely to confuse the jury. While Defendant understandably wishes to instruct the jury that it is not liable for Plaintiff's preexisting injuries, the parties' jointly agreed upon jury instructions adequately instruct the jury on this point. According to the jointly agreed upon instructions, the jury will already be instructed that Plaintiff bears the burden of proving that the injuries for which she seeks compensation arose from the 1997 motor vehicle accident, and that Plaintiff incurred allowable expenses related to such injuries. Furthermore, the jury will be instructed that it is only to award damages for charges that "arise out of the accident in question." Thus, the Court finds that Defendant's requested instruction is duplicative, unnecessary, and likely to confuse the jury.

In response to Defendant's brief in support of its special jury instruction, Plaintiff requests, for the first time, that the Court use an instruction it gave in *Dunn v. State Farm Mut. Auto. Ins. Co.*, Case No. 08-12831, which reads:

> [A]n insurer also has a duty to pay benefits where an insured party has a pre-existing injury or condition that is worsened, aggravated, complicated, or exacerbated by the auto accident injury. In other words, if the injuries sustained in the auto accident complicate a person's pre-existing medical condition, the insurance company still has a duty to provide insurance coverage to that person under the No-Fault Act.

However, the Court finds Plaintiff's request untimely. Pursuant to the Court's scheduling order, the parties' jointly agreed upon jury instructions were due at the final pretrial conference, and the Court has already given the parties additional time in which to submit their proposed instructions. *See Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 752 (6th Cir. 2003) ("Rule 16 grants district courts broad discretion to enforce their scheduling orders."). If Plaintiff wished to have this instruction read to the jury, she should have made her request months ago, as Defendant did, so that the Court could properly consider the matter in advance of trial.

Accordingly, IT IS HEREBY ORDERED that Defendant's and Plaintiff's requests for special jury instructions are DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 25, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290